**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VICKI ALEXANDER,**

           **Plaintiff,**

**-vs-**                                    **Case No. 6:09-cv-1107-Orl-28KRS**

**ORANGE COUNTY PUBLIC SCHOOLS,**
**THE ORANGE COUNTY CLASSROOM**
**TEACHERS ASSOCIATION, INC.,**
**NANCY R. SCHROEDER,**

           **Defendants.**

_____

# ORDER

This cause is before the Court on the motion to dismiss filed by Defendant Orange County Classroom Teachers Association ("OCCTA"). (Doc. 10). Plaintiff, Vicki Alexander, has filed a response (Doc. 17), and the matter is now ripe for adjudication.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the OCCTA moves to dismiss Plaintiff's breach of contract claim ("Count VII") against the OCCTA. (Doc. 10 at 2). The OCCTA argues that the Court lacks subject matter jurisdiction over Count VII because this count is barred by Chapter 447, Part II of the Florida Statutes—commonly known as the Public Employees Relations Act—which governs labor union activities involving public employees. (Id. at 1). The Public Employees Relations Act created the Public Employee Relations Commission ("PERC") and granted PERC exclusive jurisdiction over "activities which 'arguably' constitute unfair labor practices" as defined by section 447.501, Florida

Statutes.[1] Browning v. Brody, 796 So. 2d 1191, 1192 (Fla. 5th DCA 2001). Though Count VII is nominally a breach of contract claim, the claim is more properly characterized as a breach of a duty of fair representation. (See Compl. ¶¶ 33-38). This type of claim has been determined to be an unfair labor practice covered by section 447.501, Florida Statutes, and thereby falling within PERC's exclusive jurisdiction. See Fla. Educ. Ass'n v. Wojcicki, 930 So. 2d 812, 813-14 (Fla. 3d DCA 2006); Browning, 796 So. 2d at 1192-93. Accordingly, the OCCTA's motion to dismiss (Doc. 10) is hereby **GRANTED**. Count VII is dismissed with prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 1st day of September, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

---

[1]Section 447.501(2), provides, in relevant part:
(2) A public employee organization or anyone acting in its behalf or its officers, representatives, agents, or members are prohibited from:
(a) Interfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under this part or interfering with, restraining, or coercing managerial employees by reason of their performance of job duties or other activities undertaken in the interests of the public employer.